| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Robert R. Winch<br>1904 Milan Street<br>New Orleans, La. 70115<br>(408) 515-2665<br>Ca. Bar #78605<br>Winchma@yahoo.com<br><br>☒ *Individual appearing without attorney*<br>☐ *Attorney for:* | FILED<br>OCT 0 2 2018<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY:                    Deputy Clerk |

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br>Michael R. Totaro | CASE NO.: 2:16-bk-12679-NB<br><br>CHAPTER:              Chapter 11 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(with supporting declarations)**<br>**(ACTION IN NONBANKRUPTCY FORUM)** |
| Debtor(s). | DATE: November 6, 2018<br>TIME: 10:00am<br>COURTROOM: 1545 225 E Temple St., Los Angeles, CA 90012 |
| **Movant:** Robert R. Winch | |

1. **Hearing Location:**
   ☒ 255 East Temple Street, Los Angeles, CA 90012       ☐ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367   ☐ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 1                           F 4001-1.RFS.NONBK.MOTION

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

   a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. ☐ An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: 9/22/18

_____
Printed name of law firm (if applicable)

Robert R. Winch
_____
Printed name of individual Movant or attorney for Movant

[signature]
_____
Signature of individual Movant or attorney for Movant

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                             Page 2                                    F 4001-1.RFS.NONBK.MOTION

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO NONBANKRUPTCY ACTION

1. **In the Nonbankruptcy Action, Movant is:**
   a. ☒ Plaintiff
   b. ☐ Defendant
   c. ☐ Other (*specify*):

2. **The Nonbankruptcy Action:** There is a pending lawsuit or administrative proceeding (Nonbankruptcy Action) involving the Debtor or the Debtor's bankruptcy estate:

   a. *Name of Nonbankruptcy Action:* Robert R.Winch vs. Michael R.Totaro etal.
   b. *Docket number:* 2018-08186
   c. *Nonbankruptcy forum where Nonbankruptcy Action is pending:*
      Civil District Court Parish of Orleans State of Louisiana
   d. *Causes of action or claims for relief (Claims):*
      Fraud and Misrepresentation

3. **Bankruptcy Case History:**

   a. ☒ A voluntary  ☐ An involuntary  petition under chapter  ☐ 7  ☒ 11  ☐ 12  ☐ 13
      was filed on (*date*) _02/17/0016_.

   b. ☐ An order to convert this case to chapter  ☐ 7 ☐ 11 ☐ 12  ☐ 13
      was entered on (*date*) _____.

   c. ☐ A plan was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay:** Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay to proceed with the Nonbankruptcy Action to final judgment in the nonbankruptcy forum for the following reasons:

   a. ☐ Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.

   b. ☐ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   c. ☐ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   d. ☒ The Claims are nondischargeable in nature and can be most expeditiously resolved in the nonbankruptcy forum.

   e. ☒ The Claims arise under nonbankruptcy law and can be most expeditiously resolved in the nonbankruptcy forum.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                                    Page 3                                         F 4001-1.RFS.NONBK.MOTION

    f. ☐ The bankruptcy case was filed in bad faith.

        (1) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

        (2) ☐ The timing of the filing of the bankruptcy petition indicates that it was intended to delay or interfere with the Nonbankruptcy Action.

        (3) ☐ Multiple bankruptcy cases affect the Nonbankruptcy Action.

        (4) ☐ The Debtor filed only a few case commencement documents. No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

    g. ☐ Other (*specify*):

5. **Grounds for Annulment of Stay.** Movant took postpetition actions against the Debtor.

    a. ☒ The actions were taken before Movant knew that the bankruptcy case had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

    b. ☐ Although Movant knew the bankruptcy case was filed, Movant previously obtained relief from stay to proceed in the Nonbankruptcy Action in prior bankruptcy cases affecting the Nonbankruptcy Action as set forth in Exhibit. _____.

    c. ☐ Other (*specify*):

6. **Evidence in Support of Motion:** (*Important Note: declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.*)

    a. ☒ The DECLARATION RE ACTION IN NONBANKRUPTCY FORUM on page 6.

    b. ☒ Supplemental declaration(s).

    c. ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims as set forth in Debtor's case commencement documents. Authenticated copies of the relevant portions of the Debtor's case commencement documents are attached as Exhibit. _____.

    d. ☐ Other evidence (*specify*):

7. ☐ An optional Memorandum of Points and Authorities is attached to this Motion.

**Movant requests the following relief:**

1. Relief from the stay pursuant to 11 U.S.C. § 362(d)(1).

2. ☐ Movant may proceed under applicable nonbankruptcy law to enforce its remedies to proceed to final judgment in the nonbankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against the Debtor or property of the Debtor's bankruptcy estate.

3. ☒ The stay is annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant in the Nonbankruptcy Action shall not constitute a violation of the stay.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014          Page 4          F 4001-1.RFS.NONBK.MOTION

4.  ☒  The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified, or annulled as to the co-debtor, on the same terms and condition as to the Debtor.

5.  ☐  The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

6.  ☐  The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Nonbankruptcy Action.

7.  ☐  The order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice

8.  ☐  Other relief requested.

Date: 9/22/18

Printed name of law firm (*if applicable*)

Robert R. Winch

Printed name of individual Movant or attorney for Movant

Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                Page 5                                F 4001-1.RFS.NONBK.MOTION

## DECLARATION RE ACTION IN NONBANKRUPTCY FORUM

I, (name of Declarant) Robert R. Winch _____, declare as follows:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding (Nonbankruptcy Action) because:

   ☒ I am the Movant.
   ☐ I am Movant's attorney of record in the Nonbankruptcy Action.
   ☐ I am employed by Movant as (title and capacity):
   ☐ Other (specify):

2. I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the Nonbankruptcy Action. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

3. In the Nonbankruptcy Action, Movant is:

   ☒ Plaintiff
   ☐ Defendant
   ☐ Other (specify):

4. The Nonbankruptcy Action is pending as:

   a. *Name of Nonbankruptcy Action*: Robert R. Winch vs. Michael R. Totaro etal.
   b. *Docket number*: 2018-08186
   c. *Nonbankruptcy court or agency where Nonbankruptcy Action is pending*: Civil District Court For The Parish of Orleans State of Louisiana

5. **Procedural Status of Nonbankruptcy Action:**

   a. The Claims are:
      Fraud and Misrepresentation

   b. True and correct copies of the documents filed in the Nonbankruptcy Action are attached as Exhibit A___.

   c. The Nonbankruptcy Action was filed on (date) 08/20/2018___.

   d. Trial or hearing began/is scheduled to begin on (date) _____.

   e. The trial or hearing is estimated to require 5___ days (specify).

   f. Other plaintiffs in the Nonbankruptcy Action are (specify): none

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

g. Other defendants in the Nonbankruptcy Action are (*specify*):
James Henderson,Gwen Doll.Gardener Realty,Maureen Totaro,James Henderson LLC.

5. **Grounds for relief from stay:**

   a. ☐ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   b. ☐ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   c. ☐ Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.  The insurance carrier and policy number are (*specify*):

   d. ☐ The Nonbankruptcy Action can be tried more expeditiously in the nonbankruptcy forum.
      (1) ☐ It is currently set for trial on (*date*) _____.
      (2) ☐ It is in advanced stages of discovery and Movant believes that it will be set for trial by (*date*) _____. The basis for this belief is (*specify*):

      (3) ☒ The Nonbankruptcy Action involves non-debtor parties and a single trial in the nonbankruptcy forum is the most efficient use of judicial resources.

   e. ☐ The bankruptcy case was filed in bad faith specifically to delay or interfere with the prosecution of the Nonbankruptcy Action.
      (1) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.
      (2) ☐ The timing of the filing of the bankruptcy petition indicates it was intended to delay or interfere with the Nonbankruptcy Action based upon the following facts (*specify*):

      (3) ☐ Multiple bankruptcy cases affecting the Property include:
         (A) Case name:
             Case number:                              Chapter:
             Date filed:            Date discharged:              Date dismissed:
             Relief from stay regarding this Nonbankruptcy Action    ☐ was   ☐ was not  granted.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                                Page 7                                     F 4001-1.RFS.NONBK.MOTION

(B) Case name:
Case number:                          Chapter:
Date filed:           Date discharged:           Date dismissed:
Relief from stay regarding this Nonbankruptcy Action  ☐ was  ☐ was not  granted.

(C) Case name:
Case number:                          Chapter:
Date filed:           Date discharged:           Date dismissed:
Relief from stay regarding this Nonbankruptcy Action  ☐ was  ☐ was not  granted.

☐ See attached continuation page for information about other bankruptcy cases affecting the Nonbankruptcy Action.

☐ See attached continuation page for additional facts establishing that this case was filed in bad faith.

f.  ☐ See attached continuation page for other facts justifying relief from stay.

6. ☒ Actions taken in the Nonbankruptcy Action after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

   a. ☒ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with the Nonbankruptcy Action enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit ___

   c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

9/22/18       Robert R. Winch
Date          Printed name                                Signature

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (ACTION IN NONBANKRUPTCY FORUM)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 09/22/2018, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Neil Bason, United States Bankruptcy Judge, 255 E. Temple St. Los Angeles, Ca. 90012
Michael Totaro, Maureen Totaro Attorney, P.O. Box 789, Pacific Palisades, Ca. 90272
Dare Law, Office of United States Trustee, 915 Wilshire Blvd., Suite 1850, Los Angeles, Ca. 90017
Phillip Montelepre, 851 Jewel Street, New Orleans, La. 70124-3631

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 9/22/18 | Robert R. Winch | _signature_ |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014 — Page 9 — F 4001-1.RFS.NONBK.MOTION

Robert R. Winch
1904 Milan Street
New Orleans, Louisiana 70115
(408) 515-2665
winchma@yahoo.com

Robert R. Winch IN PRO PER

# IN THE UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

**In re**

Michael R. Totaro,

Case No.: 2:16-bk-12679-NB

Chapter 11

SUPPORTING DECLARATION TO MOTION FOR RELIEF

---

Movant, Robert R. Winch, request relief from the automatic stay. Movant has filed a petition in Civil District Court in New Orleans, Louisiana. This NON-BANKRUPCY ACTION, is based on the FRAUD and MISREPRESENTATION of the DEBTOR concerning the sale of real property in Orleans Parish, state of Louisiana. Movant alleges a violation of a real property disclosure document and the willful failure to disclose severe repetitive flooding and other defects.

MOTION FOR RELIEF 10

Factually the Movant is a 75 year old retiree and widower originally domiciled in California. In late 2015 Movant made an offer to purchase a home located in the Broadmoor District of New Orleans, Louisiana. The offer was for a cash sale and for the seller's asking price. The seller and debtor was the sole owner of the property but did not appear at the cash sale delegating all procedures to his wife by use of a Power of Attorney.

As required in Louisiana the seller completes a property disclosure document which is given to the Buyer's agent. The property disclosure is now called into doubt both for its honesty and veracity as well as incomplete and missing attachments. Of particular note is the absence of disclosure of prior history of flooding. The property had seven known incidents of flooding which were known by the Debtor by the FEMA property history and the Federal Insurance Designation of "Severely Repetitive Loss Property".

At the time of the purchase and sale Debtor was in substantial financial distress. The disclosure of the truth would have so limited the market that foreclosure was a certainty. In fact even the cash sale deferred the inevitable for only four months leading to the February 16, 2016 filing in the bankruptcy case.

All parties including debtor have strong ties to Louisiana. Defendants include two real estate Brokerage firms, two real estate agents, and debtor who was the sole owner of property which is the basis of the action. All parties of the action are covered by Louisiana Real Estate Commission Rules and Regulations. Expert testimony will be solicited by both Plaintiffs and Defendants from Professionals domiciled in Louisiana.

The present status of the Bankruptcy case is a recent request for a consolidation of a family members Chapter 13 case (2:18-bk 20426 WTS filed 9/11/08) with debtors own Chapter 11 case which will simply prolong the proceedings. Movant was never

MOTION FOR RELIEF    11

1  listed as a creditor and wishes to proceed in proper forum since the acts of the debtor
2  are clearly non dischargeable under 11 USC Section 503.  The particular relevant
3  section 523 (a) (2) (A) clearly annunciate the holding that the failure to disclose
4  material facts constitute a fraudulent omission by the debtor who was under a duty a
5  duty to disclose and that the debtors omission was motivated by an intent to deceive.
6     In a recent communication to the Bankruptcy court the Debtor advised the court
7  that he was moving to Louisiana and establishing a Louisiana office with his wife
8  who also a Bankruptcy Attorney.  Debtor cannot now claim that the granting of the
9  Movant's motion would constitute an undue hardship.
10
11     I, Robert R. Winch, Movant declares that the attached and noted Declaration is
12  True and Correct under Penalty of Perjury.  Dated __9/22/18__ at New Orleans,
13  Louisiana 70115 _____
14
15
16
17                                        Robert R. Winch
                                      In Pro Per
18
19
20
21
22
23
24
25
26
27
28                              MOTION FOR RELIEF 12

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2018-08186    DIVISION "I"-14    DOCKET

ROBERT R. WINCH

v.

MICHAEL R. TOTARO, MAUREEN J. TOTARO, JAMES HENDERSON, JAMES HENDERSON PROPERTIES, LLC, GWENDOLYN DOLL, GERTRUDE GARDNER, INC., ABC INSURANCE COMPANY, DEF INSURANCE COMPANY and GHI INSURANCE COMPANY

FILED: _____    _____
                                                        DEPUTY CLERK

## PETITION FOR RECISSION OF PROPERTY SALE, REIMBURSEMENT OF PRESERVATION EXPENSES, DAMAGES, & ATTORNEY FEES

The Petition of **ROBERT R. WINCH**, a person of the full age of majority and domiciled in California, with respect, represents:

1.

The following parties are made defendants herein and are liable to the Petitioner *in solido* for the demanded sums in the premises, together with legal interest thereon from the date of judicial demand, all costs of these proceedings, and for all general and/or equitable relief for the reasons stated herein:

a) **MICHAEL R. TOTARO**, a person of the full age of majority, domiciled in California,

b) **MAUREEN J. TOTARO**, a person of the full age of majority, domiciled in California,

c) **JAMES HENDERSON** a Louisiana-licensed real estate agent, domiciled in Louisiana, who represented the Petitioner in the sale of the Property described below.

d) **JAMES HENDERSON PROPERTIES, LLC**, a Louisiana limited liability company also a Louisiana-licensed real estate brokerage company, the sponsoring broker for the defendant JAMES HENDERSON

e) **GWENDOLYN DOLL** a Louisiana-licensed real estate broker domiciled in Louisiana, who represented MICHAEL R. TOTARO and MAUREEN J. TOTARO in the sale of the Property described below.

f) **GBS PROPERTIES, LLC D/B/A/ GARDNER REALTORS**, a Louisiana limited liability company, also a Louisiana-licensed real estate brokerage company, the sponsoring broker for the defendant GWENDOLYN DOLL.

1

A

g)  **ABC INSURANCE COMPANY**, upon information and belief, a foreign insurance company which at all times pertinent hereto issued a Homeowner's insurance policy to Defendants MICHAEL R. TOTARO and MAUREEN J. TOTARO and, therefore, is directly liable to the Petitioner for the Defendants' tortuous conduct.

h)  **DEF INSURANCE COMPANY**, upon information and belief, a foreign insurance company which at all times pertinent hereto issued a liability insurance policy to Defendants JAMES HENDERSON and JAMES HENDERSON PROPERTIES, LLC. and, therefore, is directly liable to the Petitioner for this Defendant's tortuous conduct.

i)  **GHI INSURANCE COMPANY**, upon information and belief, a foreign insurance company which at all times pertinent hereto issued a liability insurance policy to Defendants GWENDOLYN DOLL and GBS PROPERTIES, LLC, therefore, is directly liable to the Petitioner for these Defendants' tortuous conduct.

2.

On September 8, 2015, the Petitioner purchased the following described property from the Defendants, MICHAEL R. TOTARO and MAUREEN J. TOTARO herein "the Property"]:

THAT CERTAIN PIECE OR PORTION OF GROUND, together with all the buildings and improvements thereon and all rights, ways, privileges, servitudes, appurtenances and advantages thereunto belonging or in anywise appertaining, situated in the Parish of Orleans, State of Louisiana, in the SIXTH DISTRICT of the City of New Orleans, in SQUARE NO. 100, of that part thereof known as HURSTVILLE, which said square is bounded by Nashville Avenue, S. Galvez Street (side), Joseph Street and S. Johnson Street (side), DESIGNATED AS LOTS "E" AND "U", said lots form the corner of Nashville Avenue and S. Johnson Street, measuring 38 feet front on Nashville Avenue, by a depth and front on S. Johnson Street, being the entire depth of said square on S. Johnson Street of 136 feet 11 inches 5 lines to the corner of Joseph Street, a front on Joseph Street of 44 feet 1 inch 5 lines; by a first depth on the side nearer S. Galvez Street a distance of 60 feet; thence said portion widens on a line parallel to Nashville Avenue, running towards S. Galvez Street, a distance of 6 feet; thence a second depth to Joseph Street of 73 feet 6 inches 0 lines. All as more fully shown on surveys by Gilbert, Kelly & Couturie, Inc., dated August 21, 1992 and October 9, 2001.

Improvements thereon bear the Municipal No. 3101 Nashville Avenue, New Orleans, LA 70125.

Being the same property acquired by Michael R. Totaro by purchase from Eagle Investments, Inc., by act dated June 20, 2007, registered in CIN 358039.

Being the same property acquired by Robert R. Winch by purchase from Michael J. and Maureen J. Totaro., by act dated September 8, 2015, registered in CIN _____.

3.

After the Petitioner purchased the Property, he discovered that it was highly susceptible to repeated flooding, having flooded SEVEN (7) times [PRIOR to the 2005 damages sustained by Hurricane Katrina's winds and floods], but those facts were knowingly and intentionally withheld from him by the Defendants MICHAEL R. TOTARO and MAUREEN J. TOTARO, JAMES HENDERSON and GWENDOLYN DOLL, prior to the purchase.

2

4.

Being from California, the Petitioner had no knowledge of local conditions that the geographical area wherein the Property is located has such a propensity to flood and did flood the Property on multiple occasions. As such he was fully dependent on the Defendants to properly inform him of the aforesaid facts prior to his purchasing the Property, and which, has he known of those facts, he would never have purchased the Property. He demands that the Property sale be reversed and that the Property be returned to the Defendant sellers MICHAEL R. TOTARO and MAUREEN J. TOTARO, *ad rehibito*.

5.

Notwithstanding that it was stated that redhibition and *quanti minoris* may have been waived in the Act of Sale and the Property was allegedly sold "as is", such provisions should be declared null and void inasmuch as such an alleged waiver of redhibition is invalid if it is employed in an effort to shield sellers who engage in fraud or bad faith by means of false and misleading representations about the quality or condition of property.

6.

The fraud and misrepresentation by the Defendants were made in violation of law, *to wit*: *LSA-R.S. 9:3195, et. seq.*

*seq.*, which, as stated therein, specifically obligated the Defendants to disclose whether any flooding or drainage problem had been experienced with respect to the Property, and further required details on nature and frequency of the flooding/drainage.

7.

Besides their violations of the disclosure provisions of the aforesaid *LSA-R.S. 9:3195, et. seq.*, Defendants violated Louisiana's Unfair Trade Practices and Consumer Protection Act *LSA-R.S. 51:140, et. seq.*, entitling the Petitioner to three times the actual damages sustained.

7.

Besides their violations of the disclosure provisions of the aforesaid *LSA-R.S. 9:3195, et. seq.*, violated Louisiana's Unfair Trade Practices and Consumer Protection Act *LSA-R.S.*, the Defendants perpetrated fraud pursuant to Louisiana Civil Code Article 1953, *to wit*: the

3

misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other.

8.

By their actual knowledge of the defect in the Property, and by their failure to disclose it to the Petitioner, pursuant to Louisiana Civil Code Article 2524 entitles the Petitioner to the return of the price he paid for the Property with interest from the time it was paid, for reimbursement of the reasonable expenses occasioned by the sale and those he incurred for preservation of the Property, and for damages and attorney fees.

**WHREFORE**, Petitioner, **ROBERT R. WINCH**, respectfully prays that this Petition be deemed good and sufficient and that, after all due proceedings are bad, there be judgment herein in his favor and against the Defendants **MICHAEL R. TOTARO, MAUREEN J. TOTARO, JAMES HANDERSON, GWENDOLYN DOLL, GERTRUDE GARDNER, INC., ABC INSURANCE COMPANY, DEF INSURANCE COMPANY and GHIINSURANCE COMPANY**, *in solido*, for all sums demanded in the premises, recission of the sale of the Property, reimbursement of all preservation expenses, damages, & attorney fees, together with legal interest thereon from date of judicial demand until paid in full, all costs of these proceedings, and for all general and/or equitable relief.

Respectfully submitted,

Philip Monteleprе
851 Jewel St
New Orleans, LA 70124
Tel: 504-220-7777
Email: philipmont@aol.com
Attorney for Petitioner

**PLEASE SERVE:**

**MICHAEL R. TOTARO**
17175 Avenida de Santa Ynez
Pacific Palisades, CA 90272
Through the Louisiana Long-Arm Statute, *LSA-R.S. 13:3201 et. seq.*

**MAUREEN J. TOTARO**
17175 Avenida de Santa Ynez
Pacific Palisades, CA 90272
Through the Louisiana Long-Arm Statute, *LSA-R.S. 13:3201 et. seq.*

**JAMES HENDERSON**
James Henderson
104 Alden Place
New Orleans, LA 70119

4

**JAMES HENDERSON PROPERTIES, LLC**
Through its Registered Agent:
James Henderson
104 Alden Place
New Orleans, LA 70119

**GWENDOLYN DOLL**
c/o Revolution Realty
1900 S. Carrollton Ave.
New Orleans, LA 70118

**GARDNER REALTORS D/B/A/ GBS PROPERTIES, LLC**
Through its Registered Agent:
Jo Ann Collet
3332 Woodlawn Ave.
Metairie, LA 70006

**ABC INSURANCE COMPANY**
Please Hold Service

**DEF INSURANCE COMPANY**
Please Hold Service

**GHI INSURANCE COMPANY**
Please Hold Service

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2018-08186           DIVISION " I "           SECTION 14

ROBERT R. WINCH

v.

MICHAEL R. TOTARO, MAUREEN J. TOTARO, JAMES HENDERSON, JAMES HENDERSON PROPERTIES, LLC, GWENDOLYN DOLL, GERTRUDE GARDNER, INC., ABC INSURANCE COMPANY, DEF INSURANCE COMPANY and GHI INSURANCE COMPANY

FILED: _____    _____
                                                    DEPUTY CLERK

## AFFIDAVIT

STATE OF LOUISIAIA

PARISH OF ORLEANS

BEFORE ME, the undersigned Notary,

PERSONALLY CAME AND APPEARED:

ROBERT R. WINCH

whom, after being sworn, declared that the allegations in the above and foregoing Petition, are true and correct to the best of his knowledge and belief.

_____
ROBERT R. WINCH

SWORN TO AND SUBSCRIBED BEFORE ME

THIS 17th DAY OF AUGUST, 2018

6

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2018-08186          DIVISION " I "          SECTION 14

ROBERT R. WINCH

v.

MICHAEL R. TOTARO, MAUREEN J. TOTARO, JAMES HENDERSON, JAMES HENDERSON PROPERTIES, LLC, GWENDOLYN DOLL, GERTRUDE GARDNER, INC., ABC INSURANCE COMPANY, DEF INSURANCE COMPANY and GHI INSURANCE COMPANY

FILED: _____    _____
                                     DEPUTY CLERK

## AFFIDAVIT OF SERVICE UNDER LOUISIANA LONG-ARM STATUTE

STATE OF LOUISIANA

PARISH OF ORLEANS

BEFORE ME, the undersigned Notary Public, personally appeared **LESLIE K. DAWSON** [hereinafter "Affiant"], an associate of Philip Montelepre, attorney for RICHARD R. WINCH, the Petitioner in the above captioned and numbered matter, who, after being duly sworn, said that on August 24, 2018, she served certified copies of the following pleadings which were filed by the Petitioner in this matter: (1) Citation; and (2) Petition for Damages.

Those pleadings were served under the Louisiana Long-Arm Statute, *LSA-R.S. 13:3201 et. seq.,* and, pursuant to *LSA-R.S. 13:3204* thereof, by mailing them to the Defendant, Michael R. Totaro, 17175 Avenida de Santa Ynez, Pacific Palisades, CA 90272 by means of USPS 1st class certified mail, return receipt requested, properly addressed and postage prepaid. On _____, affiant received the USPS certified mail return receipt attached hereto as Exhibit 1, indicating that the above-stated pleadings were received by the Defendant.

_____
LESLIE K. DAWSON

Sworn to and subscribed before me this ____ day of _____, 2018

_____
PHILIP MONTELEPRE [Bar No. 09562]
Notary Public [NP No. 24164]
Parish of Orleans
State of Louisiana
Commissioned for Life